UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ELIAS GUZMAN GARCIA,                    )
                                        )
            Petitioner,                 )
                                        )
      v.                                )    Case No. 2:26-cv-149
                                        )
DAVID WESLING, ACTING FIELD             )
DIRECTOR OF BOSTON FIELD, U.S.          )
IMMIGRATION AND CUSTOMS                 )
ENFORCEMENT; TODD M. LYONS,             )
ACTING DIRECTOR, U.S. IMMIGRATION       )
AND CUSTOMS ENFORCEMENT;                )
MARKWAYNE MULLIN, SECRETARY OF          )
THE U.S. DEPARTMENT OF HOMELAND         )
SECURITY; AND GREG HALE,                )
SUPERINTENDENT OF NORTHWEST STATE       )
CORRECTIONAL FACILITY,                  )
                                        )
            Respondents.                )

**OPINION AND ORDER**

Before the Court is Petitioner Elias Guzman Garcia's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  ECF No. 1.  He seeks relief including a declaration "that Petitioner's detention violates the Due Process Clause of the Fifth Amendment as well as the relevant statute and regulations governing detention of noncitizens" and a "Writ of Habeas Corpus ordering Respondents to release Petitioner immediately[.]"  ECF No. 1 at 10.  The Federal Respondents concede that under recent Second Circuit precedent, Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  ECF No. 8 at 2.

## I.    Factual Background

In his Petition, Petitioner states that he is a twenty-six-year-old Mexican citizen who entered the United States without inspection through the southern border in 2006 and was never encountered by Border Patrol.  ECF No. 1 at 2-3; *see also* ECF No. 8 at 1 ("Petitioner is a Mexican citizen who entered the United States without admission or parole on or about 2006.").  He has a son, who is six years old and is a United States citizen.  *Id.* at 2.  Petitioner was at liberty in the United States for over twenty years before April 12th, 2026, on which date "he was detained while working by [Customs and Border Patrol] officers near Newport, [Vermont]."  ECF No. 1 at 3.

Petitioner is currently detained at Northwest State Correctional Facility.  ECF No. 8 at 2.

## II.    Discussion

Petitioner requests an order from this Court directing his immediate release, ECF No. 1 at 10.  He also argues that he is entitled to declaratory relief as a member of a class certified by the District of Massachusetts, and brings a claim under the Administrative Procedure Act.  *Id.* at 6-9.

The Federal Respondents concede that the Second Circuit's recent decision in *Barbosa da Cunha v. Freden*, --- F. 4th ----, 2026 WL 1146044, 2026 U.S. App. LEXIS 12201 (2d Cir. Apr. 28, 2026) "controls the central legal issue in this petition:

2

whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or whether he is subject to detention under 8 U.S.C. § 1226(a) and entitled to a bond hearing." ECF No. 8 at 2. Under *Barbosa da Cunha,* the Second Circuit held that Section 1226(a) "plainly applies to noncitizens, like Petitioner, who are already present in the United States."[1] *Barbosa da Cunha*, 2026 WL 1146044 at *5.

The Federal Respondents assert that the "Government is assessing whether to seek further appellate review" of *Barbosa da Cunha* but acknowledge that, "[w]hile reserving all rights, including the right to appeal, on the issue of the proper detention authority for noncitizens, like Petitioner, who are present in the United States, Federal Respondents acknowledge that *Barbosa da Cunha* controls" and that "Petitioner is therefore entitled to a custody redetermination (bond) hearing in immigration court should he request one." ECF No. 8 at 2.

---

[1] Previously, this Court had also found that Federal Respondents unlawfully detained other habeas petitioners under 8 U.S.C. § 1225(b), rather than 8 U.S.C. § 1226(a). *See, e.g., Piedrahita-Sanchez v. Turek, et al*., No. 25-cv-875 (D. Vt. Nov. 14, 2025) (ECF No. 13); *Jerez Andrade v. Trump*, No. 2:26-cv-69, 2026 WL 755018, 2026 U.S. Dist. LEXIS 55130 (D. Vt. Mar. 17, 2026). The Second Circuit observed in *Barbosa da Cunha* that its holding "is consistent with the decisions of over 370 district judges across the Nation" and that "over ninety percent of district court judges have sided with Petitioner": in the Second Circuit, "as of mid-February 2026, the government has prevailed in only approximately fifteen cases, while losing in approximately 145 cases." *Barbosa da Cuna,* 2026 WL 1146044 at *4.

In *Barbosa da Cunha*, the "district court granted the petition and ordered the government to either provide a bond hearing or release Petitioner within ten days" and an "immigration judge, recognizing that Petitioner presents no danger to persons or property or risk of flight, released him on bond." *Barbosa da Cunha*, 2026 WL 1146044 *2.

Accordingly, the Court holds that Petitioner is entitled to an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a). The Court does not reach the other issues raised in the petition.

### III. Conclusion

For the foregoing reasons, Petitioner's Petition for a Writ of Habeas Corpus is GRANTED in part. The Court ORDERS that Petitioner is entitled to a bond hearing, and the Federal Respondents are ORDERED to hold an individualized bond hearing before an Immigration Judge pursuant to 1226(a) for Petitioner on or before May 8, 2026. In the alternative, Federal Respondents may immediately release the Petitioner.

The Court also ORDERS that a hearing will be held on Monday, May 11, 2026, at 1:30 p.m. if Petitioner has not been released before that time. At the hearing, the parties shall address the Petitioner's detention status.

4

If Petitioner has been released, the parties should submit a joint status report informing the Court about the status of the case and whether the Court may dissolve its previously entered TRO.  At that time, the parties should also consider whether they wish to submit a joint stipulation of dismissal of the case.

Finally, the Court GRANTS Petitioner's motion for his counsel to appear *pro hac vice*.  ECF No. 7.

DATED at Burlington, in the District of Vermont, this 5th day of May 2026

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge